ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
ANNE C. GANNON (Cal. State Bar #214198)
Assistant United States Attorney
    Ronald Reagan Federal Bldg. & U.S. District Courthouse
    411 West Fourth Street, 8th Floor
    Santa Ana, CA  92701
    Telephone:  (714) 338-3548
    Facsimile:  (714) 338-3561
    Email: anne.gannon@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR VURPILLAT III,<br><br>    Defendant. | SA CR No. 10-71-CJC<br><br>PLEA AGREEMENT FOR DEFENDANT VICTOR VURPILLAT III |

    1.  This constitutes the binding plea agreement between Victor Vurpillat III ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

    2.  Defendant agrees to plead guilty to count one of the indictment in <u>United States v. Victor Vurpillat III</u>, SA CR 10-71-CJC.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 1512(b)(3), the following must be true:

1) defendant knowingly engaged in misleading conduct toward another person;

2) defendant engaged in such conduct with the intent to hinder, delay, or prevent the communication of information to a law enforcement officer or judge of the United States; and

3) the information related to the commission or possible commission of a Federal offense or a violation of conditions of release pending judicial proceedings.

In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1512(b)(3) is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense. The parties currently believe that the applicable amount of restitution is $150,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license.

Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's plea of guilty.

FACTUAL BASIS

9. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

VICTOR VURPILLAT III ("defendant") managed Quaestor Partners located in Orange County, California. Quaestor Partners was a commodity pool operator that purported to manage investments in the short term trading of S&P 500 index futures contracts. Defendant was responsible for all trading conducted by Quaestor Partners. Defendant represented to investors that he was conducting a profitable trading program and would only be paid with fifty percent of the profits from the investment. Investors could only lose up to twenty percent of their total investment because the investment would be liquidated if losses exceeded the twenty percent loss threshold. Defendant provided investors with Quaestor Partners statements reflecting consistent profits. Defendant did not conduct profitable trading and spent approximately $600,000 of investor money on personal expenses.

On January 6, 2009, defendant first appeared in federal court on a criminal charge arising from the Quaestor Partners investment fraud scheme. The magistrate judge ordered defendant

released pending trial subject to a $100,000 appearance bond signed by defendant's parents. A condition of defendant's release was that he not commit any local, state or federal crime. On April 23, 2009, defendant pleaded guilty in <u>United States v. Victor Vurpillat III</u>, SA CR 09-22-CJC, to an information charging one count of securities fraud, in violation of Title 17, United States Code, Sections 77q(a) and 77x. On July 27, 2009, defendant was sentenced to 24 months imprisonment and was ordered to pay $982,318 restitution, including $50,000 to victim investor G.C. In fact, G.C. had invested $200,000 with defendant through Quaestor Partners — $50,000 on April 21, 2008 wired to a Wells Fargo account and $150,000 on August 21, 2008 wired to a Bank of America account. On October 22, 2009, defendant surrendered and began serving his term of imprisonment. At the time of defendant's surrender, the bond for his pretrial release was exonerated.

From on or about January 12, 2009 and continuing through on or about October 22, 2009, in Orange County, within the Central District of California, defendant knowingly engaged in misleading conduct toward G.C., an investor with Quaestor Partners, by sending emails and documents via Federal Express containing information defendant knew to be false. Defendant sent the false and misleading information with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense and a violation of conditions of release pending judicial proceedings.

Specifically, this included the following conduct:

On January 12, 2009, G.C. received an email from defendant that included G.C.'s December 2008 Quaestor Partners statement. The statement reflected a 7.7% positive return for the year with a profit of approximately $16,674.

On March 9, 2009, G.C. received an email from defendant that discussed a 1099 form G.C. needed for his taxes. A few days after this email, G.C. received a 1099 form via Federal Express from defendant reflecting that G.C.'s investment with Quaestor Partners was profitable.

On April 14, 2009, G.C. received an email from defendant that included G.C.'s March 2009 Quaestor Partners account statement showing a positive 1.5% monthly return.

On August 13, 2009, G.C. received an email from defendant that included G.C.'s July 2009 Quaestor Partners account statement showing positive 1.05% monthly and 7.31% year-to-date returns.

G.C. first learned that his investment with Quaestor Partners was not profitable in late October 2009 when defendant's cell phone was disconnected after defendant surrendered to the Bureau of Prisons to serve his term of imprisonment. In November and December 2009, G.C. contacted the Federal Bureau of Investigation and reported defendant's emails and the full extent of his investment and losses with Quaestor Partners.

\\
\\
\\

## WAIVER OF CONSTITUTIONAL RIGHTS

10. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or

Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

11. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 14 | [U.S.S.G. § 2J1.2] |
| Acceptance of Responsibility | : | -2 | [U.S.S.G. § 3E1.1] |
| Total Offense Level | : | 12 | |
| Criminal History Category | : | II | |

| | | |
|---|---|---|
| Guideline Range | : | 12-18 months imprisonment |

The parties agree not to seek, argue, or suggest that any other specific offense characteristics, adjustments, or departures be imposed.

8

13. Defendant and the USAO agree that an appropriate disposition of this case is that the court impose a sentence of: 12 months and one day imprisonment to run consecutive to the sentence imposed in U.S. v. Victor Vurpillat III, SA CR 09-22-CJC; three years supervised release (with conditions to be fixed by the Court) [to run concurrently with the supervised release term imposed in U.S. v. Victor Vurpillat III, SA CR 09-22-CJC]; no fine; $100 special assessment; and $150,000 restitution. The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court in the following amount: G.C. $150,000. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3. /VV/ /ACG/

14. The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

15. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement

9

or the Court refuses to be bound by this agreement.

## DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he or she will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

## THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

## BREACH OF AGREEMENT

18. If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly

violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under the agreement.

19. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was not filed as a result of this agreement, then:

   a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

   b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

   c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any

statements should be suppressed or are inadmissible.

### LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

20. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 13 above. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 13 above.

### COURT NOT A PARTY

22. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.

## NO ADDITIONAL AGREEMENTS

23. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

*/s/ Anne C. Gannon*     7/12/2010
ANNE C. GANNON           Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No

one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     7/1/10
VICTOR VURPILLAT III                Date
Defendant

I am Victor Vurpillat III's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____     07/01/10
JESSE GESSIN                       Date
DEPUTY FEDERAL PUBLIC DEFENDER
Counsel for Defendant
Victor Vurpillat III